IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WILLIAM JAY CLARK, #1406058 | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv226 |
| NIX, ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff William Jay Clark, an inmate confined in the Allred Unit in Iowa Park, Texas, proceeding *pro se*, filed the above-styled and numbered civil lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**BACKGROUND**

Plaintiff is confined in prison in conjunction with a Grayson County conviction for aggravated sexual assault of a child, Cause No. 053786-15. On October 11, 2006, a jury found him guilty and sentenced him to life imprisonment. He appealed his conviction, but on December 4, 2007, the Fifth Court of Appeals affirmed, *Clark v. State*, No. 05-07-00127-CR (Tex. App.–Dallas 2007, pet ref'd). On May 21, 2008, the Texas Court of Criminal Appeals refused his petition for discretionary review (PDR). No. 122-08. On November 2, 2008, the United States Supreme Court denied his petition

1

for writ of certiorari. *Clark v. State,* No. 08-6001, 129 S. Ct. 495 (2008). Additionally, he filed a state post-conviction application for a writ of habeas corpus on October 23, 2009. The Texas Court of Criminal Appeals denied it without written order based on the trial court's findings. *Ex parte Clark*, No. 73,407-01. He then filed a federal writ of habeas corpus, which was denied on February 1, 2013. *Clark v. Director*, TDCJ-CID, No. 4:10cv236.

**DISCUSSION**

In the present lawsuit, Plaintiff alleges that he has been wrongfully imprisoned in violation of his constitutional rights. He sued 15th Judicial District of Grayson County Judge Jim Fallon, Grayson County District Attorney Joe Brown, Grayson County Assistant District Attorney Karla Hackett, Texas Court of Criminal Appeals Chief Justice Sharon Keller, and defense counsel Glen Talmadge Nix, II. Among other things, he alleges he was the victim of fraud and perjury, prosecutorial misconduct, abuse of judicial discretion, and malpractice. He asks for $500,000 in punitive damages from each Respondent in their individual capacity, and $10,000,000 compensatory damages from each Respondent in their official capacity.

The Supreme Court has held that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed.2d 383 (1994). The Supreme Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages

2

> actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id.* 512 U.S. at 486, 114 S. Ct. at 2372. The Supreme Court thus held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* 512 U.S. at 487, 114 S. Ct. at 2372.

In the present case, a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction; thus, his lawsuit is barred by *Heck*. Plaintiff's claims fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. His lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Fifth Circuit has held that claims barred by *Heck* should read as follows: "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). The Fifth Circuit referred to this language as the "preferred" language. *Id.*

The Fifth Circuit raised one additional factor in *Heck* situations for courts to consider. *See Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). The Fifth Circuit held "that it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity, . . ." *Id.* at 284. To prevent a plaintiff from refiling claims against defendants with absolute immunity, such as judges and prosecutors, such claims should be dismissed with prejudice. *Id.* at 284-85. Judge Fallon, Joe Brown, Karla Hackett and Chief Justice Sharon Keller are immune from liability, and claims against them should be dismissed with prejudice.

3

The Fifth Circuit has also held that claims against defense attorneys are normally not cognizable in a § 1983 lawsuit because they are not state actors. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). Plaintiff has not shown that he may sue his attorney Glen Talmadge Nix, II in a § 1983 lawsuit. Thus, claims against Nix should be dismissed with prejudice.

In sum, claims against all Respondents – Fallon, Brown, Hackett, Keller, and Nix – should be dismissed with prejudice for all purposes pursuant to 28 U.S.C. § 1915A(b)(1).

**RECOMMENDATION**

It is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's claims against Judge Jim Fallon, Joe Brown, Karla Hackett, Chief Justice Sharon Keller, and Glen Talmadge Nix, II, should be dismissed with prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 5th day of June, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE